**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **EMORY UNIVERSITY** | ) | |
| **HOSPITAL,** | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability. Plaintiff alleges that Defendant Emory University Hospital engaged in intentional discrimination against Kendall McCoy ("McCoy") by denying him a reasonable accommodation and terminating his employment based on his disability and his need for reasonable accommodation in violation of the ADA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to

Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a corporation doing business in the state of Georgia and the city of Atlanta, Georgia, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5)

of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. §
12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42
U.S.C. § 2000e(g) and (h).

### STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, McCoy
filed a charge of discrimination with the Commission alleging violations of the
ADA by Defendant.

7.     On May 20, 2015, the EEOC issued to Defendant a Letter of
Determination inviting it to join the EEOC in informal methods of conciliation to
endeavor to eliminate the discriminatory practices and provide appropriate relief.

8.     On August 31, 2015, the EEOC issued to Defendant a Notice of
Failure of Conciliation advising it that despite its efforts the EEOC was unable to
secure from Defendant a conciliation agreement acceptable to the Commission.

9.     All conditions precedent to the institution of this lawsuit have been
fulfilled.

10.    McCoy was employed by Defendant as a Nurse Technician in the
Operating Room Department until October 2012.

11.    McCoy is a military veteran and has had medical issues with his
intestinal system since his military discharge in 1979.

12.     In January of 2012, McCoy suffered a non-work-related spinal injury, and requested leave under the Family Medical Leave Act ("FMLA"), initially for the period of January 7 through January 16, 2012. The injury required additional recovery time, so he submitted medical documentation on January 20, 2012 and Defendant approved his request for leave under FMLA for an additional period of six weeks. McCoy received a full medical release on April 2, 2012 and returned to work at that time.

13.     In August of 2012, McCoy had a serious complication with his pre-existing intestinal condition which required emergency surgery on August 21, 2012. McCoy's intestinal condition substantially limited his digestive and bowel functions.

14.     McCoy filed a request with Defendant's HR department for medical leave from August 20 to October 1, 2012. On September 14, Defendant confirmed receipt of the request through October 1 and informed McCoy that since his annual FMLA leave was exhausted, he would need to discuss other possible leave arrangements.

15.     Defendant has a medical, non-FMLA leave policy, which allows employees up to one year of qualified leave once FMLA time has been exhausted,

but which does not guarantee a return to their prior position at the completion of the leave.

16.    On September 21, 2012, Defendant sent McCoy a letter confirming that he was on non-FMLA medical leave, with an updated, expected return date of October 12, 2012.

17.    On or about October 2, 2012, while fully aware that McCoy was scheduled to return on October 12, 2012, Defendant hired a temporary employee, who had been filling in for McCoy, to permanently take McCoy's position.

18.    Defendant denied McCoy a reasonable accommodation by failing to return him to his Nurse Technician position and, instead, permanently replacing him within two weeks of his scheduled return date.

19.    When McCoy attempted to return to the Nurse Technician position, he was qualified to perform the essential functions of the job, but Defendant informed him that his position was no longer available and refused to allow him to work in that position.

20.    Defendant did not offer McCoy a return to his position or any other position, but, in accordance with its policy, only allowed him to apply for and compete for other positions.

21.     The effect of the action complained of in paragraphs 14 through 20 above has been to deprive McCoy of equal employment opportunities by denying him a reasonable accommodation and terminating his status as an employee because of his disability.

22.     The unlawful employment practices complained of in paragraphs 14 through 20 above were intentional.

23.     The unlawful employment practices complained of in paragraphs 14 through 20 above were done with malice or with reckless indifference to the federally protected rights of McCoy.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with them, from denying employees benefits on the basis of disability, and any other employment practice which discriminates on the basis of disability status;

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees and which eradicate the effects of its past and present unlawful employment practices;

C.    Order Defendant to offer McCoy reinstatement to his permanent position as Nurse Technician or an equivalent position;

D.    Order Defendant to make whole McCoy, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, front pay and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E.    Order Defendant to make whole McCoy, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 through 20, above, in amounts to be determined at trial;

F.    Order Defendant to make whole McCoy, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 through 20, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial;

G.    Order Defendant to pay to McCoy, punitive damages for Defendant's malicious and/or reckless conduct described in paragraphs 14 through 20, above, in amounts to be determined at trial;

H.     Grant such further relief as the Court deems necessary and proper in the public interest; and

I.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

September 29, 2015             s/Robert K. Dawkins
      Date             Robert K. Dawkins
                              Regional Attorney
                              Georgia Bar No.: 076206
                              robert.dawkins@eeoc.gov

James W. Allen                Ottrell F. Edwards
Trial Attorney                Supervisory Trial Attorney
Georgia Bar No. 016075        Georgia Bar No. 141979
james.allen@eeoc.gov          ottrell.edwards@eeoc.gov

                              EQUAL EMPLOYMENT OPPORTUNITY
                              COMMISSION
                              Atlanta District Office
                              100 Alabama St., SW, Suite 4R30

Atlanta, Georgia 30303
(404) 562-6818     (direct)
(404) 562-6905     (facsimile)