IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　Plaintiff,<br><br>v.<br><br>EMORY UNIVERSITY HOSPITAL,<br>　　　　Defendant. | CIVIL ACTION FILE NO.:<br><br>1:15-cv-03407-AT-AJB |

**MEMORANDUM IN SUPPORT OF KENDALL MCCOY'S
MOTION TO INTERVENE AS A PLAINTIFF**

Proposed Plaintiff- Intervener, Kendall McCoy ("McCoy"), files this Memorandum in Support of his Motion to Intervene as a matter of right in this action pursuant to Fed. R. Civ. P. 24(a) and (b) and federal court precedent.

## I. INTRODUCTION

On September 29, 2015, the Equal Employment Opportunity Commission ("EEOC") filed the instant action asserting a class claim against Defendant Emory University Hospital for violations of the Americans with Disabilities Act of 1990 and the Civil Rights Act of 1991. Central to those claims are the allegations of the intentional discrimination against McCoy by denying him a reasonable accommodation and terminating his employment based on his disability and his need for reasonable accommodation in violation of the ADA. McCoy now seeks to

1

intervene in this action for the purpose of protecting his interests and bringing his own claims against the Defendant based upon the same facts and legal authority.

As outlined below, McCoy has an unconditional right to intervene in this action. Notwithstanding that fact, however, McCoy should be permitted to intervene inasmuch as his motion is timely, he has an interest directly relating to the matters at issue, any disposition without his involvement could jeopardize his interest and the EEOC may not adequately represent that interest.

## II. STATEMENT OF FACTS[1]

Defendant Emory University Hospital is located in Atlanta, Georgia specializing in in the care of acutely ill adults. Defendant is a 587- bed facility that is staffed exclusively by the Emory University School of Medicine with faculty who are members of the Emory University Clinic. Defendant is renowned as a national healthcare leader in cardiology and cardiac surgery, oncology, transplantation and the neurosciences. Thus further indicating a great need for medical staffers including, but not limited to, Nurse Technicians in the Operating Room Departments, and various other stations located within the facilities.

_____
[1] The facts stated below are taken from McCoy's proposed complaint, in which is attached to his motion to intervene as Attachment "A."

McCoy was employed by Defendant as a Nurse Technician in the Operating Room Department until October 2012. McCoy is a military veteran and has had medical issues with his intestinal system since his military discharge in 1979.

In January of 2012, McCoy suffered a non- work-related spinal injury, and requested leave under the Family Medical Leave Act ("FMLA"), initially for the period of January 7 through January 16, 2012. The injury required additional recovery time, so he submitted medical documentation on January 20, 2012 and Defendant approved his request for leave under FMLA for an additional period of six weeks. McCoy received full medical release on April 2, 2012 and returned to work at that time.

In August of 2012, McCoy had a serious complication with his preexisting intestinal condition which required emergency surgery on August 21, 2012. McCoy's intestinal condition substantially limited his digestive and bowel functions. McCoy filed a request with Defendant's HR department for medical leave from August 20 to October 1, 2012. On September 14, Defendant confirmed receipt of the request through October 1 and informed McCoy that since his annual FMLA leave was exhausted, he would need to discuss other possible leave arrangements.

Defendant has a medical, non-FMLA leave policy, which allows employees up to one year of qualified leave once FMLA time has been exhausted, but which does not guarantee a return to their prior position at the completion of the leave. On or

about October 2, 2012, Defendant sent McCoy a letter confirming that he was on a non-FMLA medical leave, with an updated, expected return date of October 12, 2012. On or about October 2, 2012, while fully aware that McCoy was scheduled to return on October 12, 2012, Defendant hired a temporary employee, who had been filling in for McCoy, to permanently take McCoy's position.

Defendant denied McCoy a reasonable accommodation by failing to return him to his Nurse Technician position and, instead, permanently replacing him within two weeks of his scheduled return date. When McCoy attempted to return to the nurse Technician position, he was qualified to perform the essential functions of the job, but Defendant informed him that his position was no longer available and refused to allow him to work in that position. Defendant did not offer McCoy a return to his position or any other position, but, in accordance with its policy, only allowed him to apply for and compete for other positions.

The effect of the action complained of in the above stated paragraphs has been to deprive McCoy of equal employment opportunities by denying him a reasonable accommodation and terminating his status as an employee because of his disability. The unlawful employment practices complained of in the above stated paragraphs were intentional. The unlawful employment practices complained of in the above stated paragraphs were done with malice or with reckless indifference to federally protected rights of McCoy.

### III.  ARGUMENT AND AUTHORITY

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention as a matter of right; and permissive intervention. Fed .R .Civ .P . 24(a) and (b); Lloyd *v. Alabama Dep't. of Corrections*, 176 F.3d 13336, 1339 (11th Cir. 1999). In this case, McCoy is entitled to intervene as a matter of right. Alternatively, this Court should permit McCoy's intervention inasmuch as his claims are with the Plaintiff EEOC and are based upon questions of law and fact.

### A. McCoy May Intervene as a Matter of Right.

To intervene as a matter of right, the moving party must demonstrate that either: (1) he has an unconditional right to intervene based on a federal statute; or (2) he claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede her ability to protect his interest, unless existing parties adequately represent that interest. *See* Fed. R .Civ .P . 24 (a). In this case, McCoy satisfies both prongs of the Rule.

### (1) McCoy has an unconditional right to intervene.

The ADAAA incorporates the enforcement provisions of Title VII of the Civil Rights Act of 1964 (*see* 42 U.S.C. § 12117) and Title VII provides, in relevant part, that "the [EEOC] may bring a civil action against any respondent… named in the charge" and that "[t]he person or persons aggrieved *shall have the right to intervene in*

5

*a civil action brought by the Commission."* 42 U.S.C. § 2000e-5(f)(1) (emphasis added). Accordingly, so long as an aggrieved employee files a timely motion to intervene, the "charging party has an unqualified right to intervene in the EEOC's action." *See Willis v. W.H. Braum, Inc.,* 80F. App'x 63, 66-67 (10th Cir. 2003) (citing EEOC v. *Mo. Pac. R.R. Co.,* 493. F.2d 71, 74 (8th Cir. 1974)) (" The statutory language of Title VII, 42 U.S.C. § 2000e-5(f)(1), which has been incorporated into the ADA, grants the charging employee an unconditional right to intervene in cases brought by the EEOC"); *see also Truvillion v. King's Daughters Hospital,* 614 F.2d 520, 525 (5th Cir. 1980)("[A] private party whose interests may be affected by a suit the E.E.O.C. brings has an unqualified right to intervene in the suit, if he timely seeks to do so"); *Adams v. Proctor & gamble Mfg. Co.,* 697 F.2d 582, 583 (4th Cir. 1983); *E.E.O.C. v. Pizza & Sub Exp. Inc.,* 2009 WL 2912905 (M.D. Ga. 2009)("It is beyond dispute that Title VII confers an aggrieved employee with an unconditional right to intervene in civil lawsuits brought by the EEOC").

The only real question under the first prong of the statue is whether McCoy's motion is timely; however, that question should give the Court little pause. In *United States v. Jefferson County,* 720 F.2d 1511, 1516 (11th Cir. 1983), the Eleventh Circuit established four factors a court must consider in determining whether a motion to intervene is timely:

> (1) The length of time during which the would- be intervener knew or reasonably should have known of his interest in the case before he

>petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Id.* 720 F.2d at 1516. Each of these factors must be decided in McCoy's favor.

First, the length of time between when McCoy learned of his interest and his present motion in only a matter of weeks and therefore negligible. *Cf. Diaz v. Southern Drilling Corp.,* 427 F.2d 1118, 1125-26 (5th Cir. 1970) (finding timely a motion to intervene filed more than one year after the action's commencement; even though discovery has already been completed, intervention would not cause any delay or prejudice).Given that the case is in its pretrial stages and an answer has yet to be filed, McCoy's intervention will not cause undue delay and is clearly timely. *See E.E.O.C. v. Stone Pony Pizza, Inc.,* 2013 WL 4046643 n. 2 (N.D. Miss, 2013) ("Because [the motion to intervene] was filed within only two months [from] the filing of the complaint and prior to filing of the Defendant's answer, the court finds it is timely"); *EEOC v. Taylor Elec. Co.,* 155 F.R.D. 180, 182 (N.D. Il 1994) (holding that the motion to intervene filed four months after the EEOC commenced the action was timely); *EEOC v. Century I,* 142 F.R.D. 494, 495 (D.C. Kan. 1992) (holding that the motion to intervene was timely because it was filed while the case was still in the pretrial stage).

Second, the prejudice to the Defendant in relation to McCoy's motion is virtually zero since no answer has been filed or is even yet due. In contrast, the prejudice to McCoy will be extreme inasmuch as an adverse ruling could impair McCoy's interests in his own litigation as well as the validity of any employment practice or policy related to the hiring and treatment of employees with disabilities. Indeed, the potential for negative precedent may supply that practical disadvantage which warrants intervention as of right." *Chiles v. Thornburgh,* 865 F.2d 1197, 1214 (11th Cir. 1989).

To be sure, under similar circumstances, the Eleventh Circuit has approved intervention as a matter of right:

> **Although the potential for negative *stare decisis* effects does not automatically grant plaintiffs the right to intervene, the practical impairment the plaintiffs may face here is significant. The plaintiffs are all alleging the same First Union policy violated the ADEA and led to their injury. Consequently, one court's ruling on whether the bank's policy, as a matter of law, was in violation of the ADEA could influence later suits. Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects. We find that these effects are sufficiently significant to warrant intervention.**

*Stone v. First Union Corp., 371* F.3d 1305, 1310 (11th Cir. 2004). Accordingly, because the same employment policies and practices that are at issue in the present matter are also policies and practices of which McCoy complaint, *First Union*

demonstrates that the potential for negative *stare decisis* demands intervention as a matter of right.

Moreover, the EEOC's prosecution of this case may not adequately protect McCoy. While McCoy does not doubt the EEOC's ability to faithfully and diligently pursue this action, the EEOC's interests in correcting policies and punishing employer misconduct do not necessarily dovetail with McCoy's interest in obtaining reinstatement plus compensation for the discriminatory actions he endured, the ramifications of which are on- going. [2] Although the EEOC and McCoy share some common interests, "[t]he requirement of the Rule is satisfied if the applicant shows that representation of [her] interest '*may be*' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. UMW,* 404 U.S. 528, 538 n. 10 (1972) (emphasis added). Here, given the primary interest to be protected by Plaintiff EEOC- specifically the vindication of public rights—McCoy's personal interests may not be adequately protected thus requiring the necessity of his intervention.

_____

[2] *See Spirt v. teachers ins, & Annuity Ass'n,* 93 F.R.D. 627, 644 (S.D.N.Y. 1982) *aff'd in part, rev'd in part on other grounds*, 691 F.2d 1054 (2d Cir. 1982) *vacated on other grounds* 63 U.S. 1223 (1983)("[T]he EEOC does not function simply as a vehicle for conducting litigation on behalf of private parties. Rather, when the EEOC acts, it acts also to vindicate the public interest in preventing employment discrimination. In achieving the broad social and economic objectives of Title VII, the EEOC may be

more concerned with future compliance with Title VII by employers than with redressing employee grievances that have accrued already. Thus, when it files an enforcement action, the EEOC is not merely a proxy for the victims of discrimination.") (internal quotations and citations omitted).

> (2) <u>McCoy may also intervene as of right because of her own interest in the matter and lack of adequate representation</u>

McCoy is further entitled to intervene as a matter of right under the second prong of Fed.R.Civ.P. 24 (a). Under the second prong of the Rule intervention is required where it can be shown that the intervenor has an interest relating to the matter that is the subject of the action and, without his intervention, a disposition of the matter may impair or impede his ability to protect that interest absent adequate representation. Fed. R. Civ. P. 24(a)(2); *see also Lloyd v. Alabama Dep't of Corrections,* 176 F.3d 1336, 1339 (11th Cir. 1999). As argued above, McCoy also meets this second prong allowing for intervention as a matter of right.

To be sure, McCoy has an interest relating to the matter that is the subject of this action. Indeed, the facts of McCoy's case form one basis for the Plaintiff EEOC's claims against the Defendant. *See* Complaint, Doc. 1. McCoy asserts that the same illegal practice that the Plaintiff EEOC claims is common at Emory University Hospital has caused him to lose his position, thus depriving him of income and employment benefits and causing him emotional damages as well as other losses. *See* McCoy's Complaint, which is Attachment "A" to his Motion to Intervene. As argued above, this interest could be adversely affected by a ruling in the EEOC's case.

Furthermore, the EEOC is not an adequate representative of his interests. As stated, the EEOC's interest is in correcting policies and preventing future employer misconduct, while McCoy's interest is in obtaining, among other things, compensation for the discriminatory actions taken against him. *See Spirt v. Teachers Ins. & Annuity Ass'n,* 93 F.R.D. at 644, *supra*, citing *McClain v. Wagner Elec. Corp.*, 550 F.2d 1115, 1121-22 (8th Cir. 1977) (" in achieving the broad social and economic objectives of the Act, the Commission may be more concerned with future compliance with the Act by employers than with redressing employee grievances that have accrued already. And on the other hand, individual employees may well be more interested in being compensated for the wrongs that they may have suffered individually than in future compliance with the Act on the part of employers").

Based on the foregoing, McCoy clearly satisfies the criteria for the intervention as a matter of right. Furthermore, "[a]ny doubt concerning the propriety of allowing intervention should be resolved in a favor of the proposed intervenor because it allows the Court to resolve all related disputes in a single action." *Federal Sav. & Loan Ins. Corp v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993). Simply stated, both law and judicial economy dictate in favor of McCoy's intervention.

    **B.** The Court Also Has Strong Reason to Use its discretion to <u>Permit Intervention</u>

Even if the Court were to determine that intervention as a matter of right is not appropriate, it has the power to permit intervention nonetheless. Under Fed. R. Civ. P. 24 (b)(1)(b), a district court may exercise its discretion to grant permissive intervention. *See Manasota-88, Inc. v. Tidwell*, 896 F.2d 1318, 1323 (11th Cir. 1990). In addition to showing a timely motion, a party seeking permissive intervention must show that: (1) his claim or defense and the main action have a question of law or fact in common; and (2) there will be no undue delay in the proceedings or prejudice to the defendant. Fed. R. Civ. P. 24(b)(1) and (3); *see also Chiles*, 865 F.2d at 1213. McCoy easily meets the criteria. *See arguments supra*.

First, McCoy's motion is timely and will not unduly delay these proceedings since they are in their infancy. Second, as both a named victim of and witness to the illegal actions referenced in the EEOC's complaint, McCoy's claims against the Defendant are based on questions of law and fact that are common to those of the case bar.[3] Finally, intervention will not prejudice any party. Due to the preliminary stage of this litigation intervention will not lead to inefficiency or delay of litigation. *Cf., Worlds v. Dep't of Health & Rehab. Servs.*, 929 F. 2d 591, 595 (11th Cir. 1991) (denying permissive intervention after finding the delay and inefficiency would result). Of course, if permitted to intervene, McCoy will work closely with the Plaintiff EEOC and its counsel to ensure there are no delays or duplication of efforts.

## IV. **CONCLUSION**

For all of the foregoing reasons, McCoy requests that the Court enter an order granting him the right to intervene in the above-captioned matter as a party plaintiff.

_____

[3] It is also important to note that separate standing is not required to intervene under Rule 24. *Lloyd v. Ala. Dep't of Corr.,* 176 F.3d 1336, 1339 (11th Cir. 1999); *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996). However, the standing inquiry is helpful in determining whether a party has standing, he likewise has a significant interest in the case. *See Meek v. Metropolitan Dade County,* 985 F. 2d 1471, 1480 (11th Cir. 1993) ("In this circuit, a movant who shows standing is deemed to have a sufficiently substantial interest to intervene."). As detailed above, McCoy has standing to bring this action on his own because he was a victim of the discriminatory practices alleged in the EEOC's complaint and has a statutory right to bring an action against the Defendant.

13

Respectfully submitted, this 1st day of December, 2015.

                       THE LAW OFFICE OF ODIS WILLIAMS, P.C.

                       By:  /s/ *Odis W. Williams*
                       Odis W. Williams
                       Georgia Bar No.556272
                       *Counsel for Plaintiff*

1640 Powers Ferry Road SE
Bldg. 20, Ste. 300
Marietta, Georgia 30067
P: 770.575.4466
F: 877.329.8359
owilliams@odiswilliamspc.com

                       Steven Wagner
                       Trial Attorney
                       Steven.wagner@eeoc.gov

                       EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                       Atlanta District Office
                       100 Alabama St., SW, Suite 4R30
                       Atlanta, Georgia 30303
                       *Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

I, Odis W. Williams, do hereby certify that this document has been prepared in Times New Roman font, 14 point, in compliance with LR 5.1C of this Court.

/s/ *Odis W. Williams*
Odis W. Williams

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    Plaintiff,<br><br>v.<br><br>EMORY UNIVERSITY HOSPITAL,<br>    Defendant. | )<br>)<br>)   CIVIL ACTION FILE NO.:<br>)<br>)    1:15-cv-03407-AT-AJB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 1st , 2015, a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION BY KENDALL MCCOY TO INTERVENE AS A PLAINTIFF** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, including:

Jane E. Jordan
Regis. Agt.: Emory Healthcare, Inc.
201 Dowman Drive
101 Administration Bldg.
Atlanta, Georgia 30322- 1018

This 1st day of December, 2015.

                        THE LAW OFFICE OF ODIS WILLIAMS, P.C.

                        By:   /s/ *Odis W. Williams*
                        Odis W. Williams
                        Georgia Bar No. 556272
                        *Counsel for Plaintiff*

1640 Powers Ferry Road, SE
Bldg. 20, Ste. 300
Marietta, Georgia 30067
P: 770.575.4466
F: 877.329.8359
owilliams@odiswilliamspc.com

                        Steven Wagner
                        Trial Attorney
                        Steven.wagner@eeoc.gov

                        EQUAL EMPLOYMENT OPPORTUNITY
                        COMMISSION
                        Atlanta District Office
                        100 Alabama St., SW, Suite 4R30
                        Atlanta, Georgia 30303
                        *Counsel for Plaintiff*