IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　Plaintiff,<br><br>　　v.<br><br>EMORY UNIVERSITY HOSPITAL,<br>　　　　Defendant.<br>────────────<br><br>KENDALL MCCOY<br>　　　　Plaintiff,<br><br>　　v.<br><br>EMORY UNIVERSITY HOSPITAL,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO.:<br><br>　1:15-cv-03407-AT-AJB |

## <u>COMPLAINT IN INTERVENTION</u>

Proposed Plaintiff- Intervener, Kendall McCoy ("McCoy"), by and through counsel, hereby files this Complaint in Intervention against EMORY UNIVERSITY HOSPITAL (hereafter "Emory") pursuant to 42 U.S.C.§ 2000e-5(f) and alleges as follows:

1

## INTRODUCTION

### 1.

This is an action to recover for violation of the Plaintiff- Intervenor Kendall McCoy's rights under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008. Plaintiff sues because after being employed by Defendant as a Nurse Technician in the Operating Room Department until October 2012 at Emory University Hospital. McCoy is a military veteran and has had medical issues with his intestinal system since his military discharge in 1979. In January of 2012, McCoy suffered a non- work-related spinal injury, and requested leave under the Family Medical Leave Act ("FMLA"), initially for the period of January 7 through January 16, 2012. The injury required additional recovery time, so he submitted medical documentation on January 20, 2012 and Defendant approved his request for leave under FMLA for an additional period of six weeks. McCoy received full medical release on April 2, 2012 and returned to work at that time.

In August of 2012, McCoy had a serious complication with his preexisting intestinal condition which required emergency surgery on August 21, 2012. McCoy's intestinal condition substantially limited his digestive and bowel functions. McCoy filed a request with Defendant's HR department for medical leave from August 20 to October 1, 2012. On September 14, 2012 Defendant confirmed receipt of the request

2

through October 1, 2012 and informed McCoy that since his annual FMLA leave was exhausted, he would need to discuss other possible leave arrangements.

Defendant has a medical, non-FMLA leave policy, which allows employees up to one year of qualified leave once FMLA time has been exhausted, but which does not guarantee a return to their prior position at the completion of the leave. On or about October 2, 2012, Defendant sent McCoy a letter confirming that he was on a non-FMLA medical leave, with an updated, expected return date of October 12, 2012. On or about October 2, 2012, while fully aware that McCoy was scheduled to return on October 12, 2012, Defendant hired a temporary employee, who had been filling in for McCoy, to permanently take McCoy's position. Defendant denied McCoy a reasonable accommodation by failing to return him to his Nurse Technician position and, instead, permanently replacing him within two weeks of his scheduled return date. When McCoy attempted to return to the nurse Technician position, he was qualified to perform the essential functions of the job, but Defendant informed him that his position was no longer available and refused to allow him to work in  that position. Defendant did not offer McCoy a return to his position or any other position, but, in accordance with its policy, only allowed him to apply for and compete for other positions. The effect of the action complained of in the above stated paragraphs has been to deprive McCoy of equal employment opportunities by denying him a reasonable accommodation and terminating his status as an employee because of his

disability. Plaintiff is seeking back pay, compensatory and punitive damages and attorney's fees to remedy these violations of federal law.

## ARGUMENT AND AUTHORITY

2.

This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq.* (the "ADAAA) and 42 U.S.C. § 2000e-5(f) (1) as applied to ADA claims pursuant to 42 U.S.C. § 12117. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 28 U.S.C. §§ 2201 and 2202.

3.

Venue is proper pursuant to 28 U.S.C. § 1391 in that the unlawful employment practices and the violations of Plaintiff's rights alleged below were committed in this judicial district and division.

## PARTIES

4.

Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of United States of America charged with administration, interpretation and enforcement of the ADAAA and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f) (1) and (3), which applies to ADA claims pursuant to 42 U.S.C. § 12117.

5.

Plaintiff- Intervenor, Kendall McCoy, is a legal resident and citizen of the United States and of the State of Georgia. Plaintiff is and, at all times relevant hereto, was an individual with a disability as that term is defined under 42 U.S.C. § 12102(1).

6.

Plaintiff McCoy is a person with a disability inasmuch as he actually has a physical impairment causing substantial limitation in one or more major life activities and because Defendant regarded him as having such impairment.

7.

Defendant Emory University Hospital is a Georgia Corporation with its principal place of business located at 1364 Clifton Road North East, Atlanta, Georgia 30322. It may be served by delivering process to it registered agent, Jane E. Jordan, 201 Dowman Drive, 101 Administration Bldg., Atlanta, Georgia 30322- 1018.

8.

Defendant is an "employer" within the meaning of the ADAAA, 42 U.S.C. § 12101 *et seq.*, because it has engaged in commerce or in an industry affecting commerce within the meaning of the ADAAA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

## <u>AMINISTRATIVE PROCEDDINGS</u>

9.

Plaintiff McCoy filed a charge of discrimination with the Equal Employment Opportunity Commission and against Defendant within 180 days of the occurrence of the acts of which he now complains.

10.

On or about September 16, 2015, the EEOC found cause to conclude that Plaintiff McCoy was discriminated against because of his disability and/ or because he was regarded as having a disability in violation of the ADA.

11.

On or about September 29, 2015, and more than thirty days following the filing of his charge of discrimination, the EEOC filed this suit against Defendant alleging violations of the ADA.

12.

Accordingly, Plaintiff McCoy is authorized to intervene in said action pursuant to 42 U.S.C. § 2000e-5(f) (1) as applied to ADA claims pursuant to 42 U.S.C. § 121117.

## STATEMENT OF FACTS

13.

Defendant Emory University Hospital is located in Atlanta, Georgia specializing in the care of acutely ill adults. Defendant is a 587- bed facility that is staffed exclusively by the Emory University School of Medicine with faculty who are members of the Emory University Clinic.

14.

Defendant is renowned as a national healthcare leader in cardiology and cardiac surgery, oncology, transplantation and the neurosciences.

15.

Thus further indicating a great need for medical staffers including, but not limited to, Nurse Technicians in the Operating Room Departments, and various other stations located within the facilities.

16.

Plaintiff was employed by Defendant as a Nurse Technician in the Operating Room Department until October 2012.

17.

Plaintiff is a military veteran and has had medical issues with his intestinal system since his military discharge in 1979.

18.

On or about January 2012, Plaintiff McCoy suffered a non- work related spinal injury, and requested leave under the Family Medical Leave Act ("FMLA"), initially for the period of January 7 through January 16, 2012. The injury required additional recovery time, so he submitted medical documentation on January 20, 2012 and Defendant approved his request for leave under FMLA for an additional period of six weeks. McCoy received full medical release on April 2, 2012 and returned to work at that time.

19.

In August of 2012, McCoy had a serious complication with his pre- existing intestinal condition which required emergency surgery on August 21, 2012. McCoy's intestinal condition substantially limited his digestive and bowel functions.

20.

McCoy filed a request with Defendant's HR department for medical leave from August 20, 2012 to October 1, 2012. On September 14, 2012 Defendant confirmed receipt of the request through October 1, 2012 and informed McCoy that since his annual FMLA leave was exhausted, he would need to discuss other possible leave arrangements.

21.

Defendant has a medical, non- FMLA leave policy, which allows employees up to one year of qualified leave once FMLA time has been exhausted, but which does not guarantee a return to their prior position at the completion of the leave.

22.

On September 21, 2012, Defendant sent McCoy a letter confirming that he was on a non-FMLA medical leave, with an updated, expected return date of October 12, 2012.

23.

On or about October 2, 2012, while fully aware that McCoy was scheduled to return on October 12, 2012, Defendant hired a temporary employee, who had been filling in for McCoy, to permanently take McCoy's position.

24.

Defendant denied McCoy a reasonable accommodation by failing to return him to his Nurse Technician position and, instead, permanently replacing him within two weeks of his scheduled return date.

25.

When McCoy attempted to return to the Nurse Technician position, he was qualified to perform the essential functions of the job, but Defendant informed him

that his position was no longer available and refused to allow him to work in that position.

26.

Defendant did not offer McCoy a return to his position or any other position, but, in accordance with its policy, only allowed him to apply for and compete for to other positions.

27.

The effect of the action complained in the above stated paragraphs has been to deprive McCoy of equal employment opportunities by denying him a reasonable accommodation and terminating his status as an employee because of his disability.

28.

The unlawful employment practices complained of in the above stated paragraphs were intentional.

29.

The unlawful employment practices complained of in the above stated paragraphs were done with malice or with reckless indifference to the federally protected rights of McCoy.

30.

Defendant's actions in rescinding its job offer were done intentionally, willfully and in bad faith in violation of Plaintiff McCoy rights under the ADAAA.

31.

On Information and belief, Plaintiff McCoy was replaced in the position by a person without any physical or mental impairments or disabilities.

32.

The effect of the Defendant's above stated actions has been to deprives Plaintiff McCoy of employment opportunities, income in the form of wages, prospective employment benefits, including social security and other benefits to which she would have been entitled but for Defendant's illegal actions.

33.

The effect of Defendant's above stated actions has also caused Plaintiff McCoy out-of- pocket losses and mental and emotional distress for which he seeks redress.

**COUNT ONE**
**VIOLATION OF ADAAA- ACTUAL DISABILITY**
34.

Plaintiff McCoy incorporates by reference all of the preceding paragraphs of the Compliant.

35.

At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

36.

At all times relevant hereto, Plaintiff McCoy was an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102 (1) (A) as amended.

37.

Moreover, at all times relevant hereto, Plaintiff has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) in that he was able to perform the essential functions of the job offered to him either with or without accommodation.

38.

Defendant was aware of McCoy's disability because he informed Defendant of his impairments and provided medical documentation upon request.

39.

Despite his qualifications, Plaintiff McCoy's job employment was intentionally terminated, because of his disability and, on information and belief; he was replaced by someone without any physical or mental impairments or disabilities.

40.

Defendant's actions amount to a violation of Section 102 of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

41.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job- related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial,

42.

In addition, Defendant's actions have caused, continue to cause, and will cause Plaintiff McCoy to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

43.

Moreover, Plaintiff McCoy is entitled to be reinstated to employment by defendant and, if reinstatement is not feasible, Plaintiff McCoy is entitled to an award of damages for past and future lost wages and benefits of employment.

**COUNT TWO**
**VIOLATION OF ADAA- REGARDED AS DISABLED**

44.

Plaintiff McCoy incorporates be references all of the preceding paragraphs of the Complaint.

45.

At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

46.

At all times relevant hereto, Plaintiff McCoy was an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. §12102 (1) (C) inasmuch as he was regarded as a person with an impairment as defined by the Act as amended.

47.

Moreover, at all times relevant hereto, Plaintiff McCoy has been a qualified individual with a disability as that term is defined by 42 U.S.C. §12111 (8) in that he was able to perform the essential functions of his job either with or without accommodation.

48.

Defendant was aware of Plaintiff McCoy's impairments because he informed the Defendant of them and provided medical documentation upon request.

49.

Despite his qualifications, Plaintiff McCoy's job employment was intentionally terminated, because of his disability and, on information and belief; he was replaced by someone without any physical or mental impairments or disabilities.

14

50.

Defendant's actions amount to a violation of Section 102 of the ADAAA, 42 U.S.C. §12112, which prohibits discrimination on the basis of disability.

51.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff McCoy has suffered out of pocket losses and has been deprived of job related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

52.

In addition, Defendant's actions have caused, continue to cause, and will cause Plaintiff McCoy to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non- pecuniary losses all in an amount to be established at trial.

53.

Moreover, Plaintiff McCoy is entitled to be reinstated to employment by Defendant and, if reinstatement is not feasible, Plaintiff McCoy is entitled to an award of damages for future lost wages and benefits of employment.

## **RELIEF**

Plaintiff McCoy demands a TRIAL BY JURY and requests the following relief:

(a) Judgement in favor of Plaintiff McCoy and against Defendant under Counts One and/or Two for its unlawful employment practices;

(b) An injunction prohibiting Defendant from engaging in unlawful employment practices in violation of the ADAAA;

(c) Damages sufficient to make Plaintiff McCoy whole by providing for out- of – pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d) Compensatory damages for Plaintiff McCoy's mental and emotional distress incurred as a result of Defendant's unlawful actions alleged under Counts One and/or Two;

(e) Reinstatement to the position Plaintiff McCoy would have held but for Defendant's illegal actions, or in the alternative, front pay to compensate her for lost future wages and benefits;

(f) Punitive damages for Defendant's willful and intentional violations of the ADAAA

  as provided by 42 U.S.C. §12117 (a) (as amended) and alleged in Counts One and

  Two;

(g) Reasonable attorneys' fees and costs; and

(h) Other and further relief as the Court deems just and proper

  Respectfully submitted,

  This 1st day of December, 2015.

THE LAW OFFICE OF ODIS WILLIAMS, P.C.


By:  /s/ *Odis W. Williams*
Odis W. Williams
Georgia Bar No.556272
*Counsel for Plaintiff*

1640 Powers Ferry Road SE
Bldg. 20, Ste. 300
Marietta, Georgia 30067
P: 770.575.4466
F: 877.329.8359
owilliams@odiswilliamspc.com

Steven Wagner
Trial Attorney
Steven.wagner@eeoc.gov


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
*Counsel for Plaintiff*

## __CERTIFICATE OF COMPLIANCE__

I, Odis W. Williams, do hereby certify that this document has been prepared in Times New Roman font, 14 point, in compliance with LR 5.1C of this Court.

/s/ *Odis W. Williams*
Odis W. Williams

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>          Plaintiff,<br><br>     v.<br><br>EMORY UNIVERSITY HOSPITAL,<br>          Defendant.<br><br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯<br><br>KENDALL MCCOY<br>          Plaintiff,<br><br>     v.<br><br>EMORY UNIVERSITY HOSPITAL,<br>          Defendant. | CIVIL ACTION FILE NO.:<br><br>  1:15-cv-03407-AT-AJB |

## CERTIFICATE OF SERVICE

I hereby certify that on December 1st, 2015, a true and correct copy of the

foregoing **COMPLAINT IN INTERVENTION** was electronically filed with the

Court using the CM/ECF system, which sent notification to all parties of interest

participating in the CM/ECF system, including:

Jane E. Jordan
Regis. Agt.: Emory Healthcare, Inc.
201 Dowman Drive
101 Administration Bldg.
Atlanta, Georgia 30322- 1018


This 1st day of December, 2015.

THE LAW OFFICE OF ODIS WILLIAMS, P.C.


By:   /s/ *Odis W. Williams*
Odis W. Williams
Georgia Bar No.556272
*Counsel for Plaintiff*

1640 Powers Ferry Road SE
Bldg. 20, Ste. 300
Marietta, Georgia 30067
P: 770.575.4466
F: 877.329.8359
owilliams@odiswilliamspc.com

Steven Wagner
Trial Attorney
Steven.wagner@eeoc.gov


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
*Counsel for Plaintiff*